NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 25, 2013[*]
Decided April 25, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3282

| | |
|---|---|
| WILLIE B. HADLEY, JR.,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 10-cv-468-JPG-PMF |
| PATRICK J. QUINN, et al.,<br>    *Defendants-Appellees.* | J. Phil Gilbert,<br>*Judge*. |

**O R D E R**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Willie Hadley, a former Illinois inmate, filed this suit under 42 U.S.C. § 1983 principally claiming that he was incarcerated on an invalid conviction and then, after being paroled, unlawfully reimprisoned for infractions that occurred only after his parole term had expired. Hadley's complaint includes other claims as well, but all of them rest on the same premise. The district court allowed some of Hadley's claims to reach summary judgment before finally resolving the case in favor of the defendants, but the suit is frivolous and should have been dismissed immediately. We affirm the judgment and warn Hadley that further litigation of this sort will lead to sanctions.

Hadley killed an elderly man during a 1976 armed robbery in St. Clair County, Illinois, and pleaded guilty to first-degree murder. In exchange for his plea, prosecutors promised not to offer aggravating evidence at sentencing. Hadley was sentenced to 24 to 74 years in prison, and he asserts that the judge who imposed that sentence based it partly on aggravating evidence in the presentence report. Hadley thought the judge's reliance on this aggravating evidence violated the plea agreement.

In May 2007 he was released on a three-year term of mandatory parole. One condition of that parole was that Hadley not leave Illinois without his parole agent's permission. Hadley did not comply with that condition. In December 2009 his parole agent, Julie Davinroy, discovered that Hadley possessed a library card for the public library in St. Louis, Missouri. When confronted about this card, Hadley admitted to Davinroy that he had been violating his parole by leaving Illinois to spend nights with his sister in St. Louis. Davinroy and her supervisor, Angela Chaney, issued a violation report, and parole agent Dale Engelman arrested Hadley the same day. His parole was revoked, and he was reincarcerated until April 2010. While serving that term Hadley wrote the governor of Illinois demanding immediate release because, he said, his parole term had expired in July 2008 (before his travels to St. Louis) due to the accumulation of good-conduct credits. The governor did not respond.

Hadley did not file a collateral attack challenging the revocation, but after his release from prison he filed this suit alleging that Davinroy, Chaney, and Engelman had caused him to be reimprisoned for conduct occurring after his parole term had expired. The governor was liable for this conduct, Hadley added, because he did not correct the unlawful detention. Hadley's complaint also revived his 30-year-old claim (one already litigated and rejected in federal habeas-corpus proceedings, *see Hadley v. Haws*, No. 97 C 6636, 1998 WL 698939 (N.D. Ill. Oct. 5, 1998)) that his underlying conviction had been void because the plea agreement was breached. Consequently, Hadley maintained, he was falsely imprisoned for 33 years and was entitled to damages from the Illinois Department of Corrections and from the jails in St. Clair County and Monroe County where he served portions of his sentence (Hadley's complaint identifies the municipal defendants as the *jails*, not the two counties or

their jail administrators). He also named as defendants Monroe County and its Board of Commissioners, which allegedly had discouraged public defenders from adequately investigating their clients' cases, as well as the Office of the State Appellate Defender, which, he claimed, had violated his right to the effective assistance of counsel. Hadley sought compensatory and punitive damages to the tune of $70 million from each named defendant as well as injunctions requiring the destruction of his criminal files and DNA markers, the restoration of a confiscated firearm owner's identification card, and an apology for wrongfully convicting him published on the front page of eight periodicals.

On the defendants' motions, the district judge (adopting a magistrate judge's recommendation) dismissed as barred by the Eleventh Amendment Hadley's claims against the Department of Corrections, the Office of the State Appellate Defender, and, in their official capacity, the governor, Davinroy, Chaney, and Engelman. The court also dismissed Hadley's claims naming Monroe County, its Board of Commissioners, and the two jails; even if those defendants have capacity to be sued, the court reasoned, the claims naming them were untimely.

Hadley then moved to amend his complaint. He sought to add as defendants the man serving as director of the Department of Corrections when his parole was revoked in 2010, along with an Assistant State Appellate Defender and several other people whose actions, he said, caused the revocation. Hadley also sought to expand his suit to include claims under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The district court denied this motion on the ground that the new defendants would be prejudiced by the delay in adding them.

What survived the defendants' motions to dismiss were Hadley's individual-capacity claims against Davinroy, Chaney,  Engelman, and the governor arising from the revocation of his parole. On cross motions for summary judgment, the district judge (again adopting a magistrate judge's recommendation) concluded that Davinroy, Chaney, and Engelman were entitled to qualified immunity because, the judge said, Hadley did not have a clearly established right to avoid reimprisonment for a violation that occurred within three years of his first release on parole. And the governor, the judge added, was not personally involved in the revocation process.

In his complaint Hadley never asserted that these four individuals were responsible for his imprisonment on the underlying murder conviction, yet the district court went on to say that Hadley's attempt to impugn that conviction was barred by the *Rooker-Feldman* doctrine because the claim would require review of a state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

The district court also considered whether a challenge to Hadley's murder conviction would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), but concluded that there is "probably an exception to the *Heck* bar" for litigants who cannot bring habeas corpus petitions because they no longer are "in custody."

On appeal Hadley first argues that the district court erred in concluding that the *Rooker-Feldman* doctrine limited its subject-matter jurisdiction. Hadley is mistaken. Under *Rooker-Feldman* the lower federal courts lack jurisdiction to review state-court judgments except to the extent authorized by 28 U.S.C. § 2254. *See Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007); *Buckley v. Ill. Judicial Inquiry Bd.*, 997 F.2d 224, 227 (7th Cir. 1993). Hadley's claim that he was unlawfully convicted amounts to a request for review of his murder conviction, *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."), and since § 2254 is no longer available to Hadley because he is not in custody on his murder conviction, the *Rooker-Feldman* doctrine barred review of the judgment of conviction, *see Sides*, 496 F.3d at 824.

Moreover, the *Rooker-Feldman* doctrine is only one impediment to Hadley's lawsuit. Even to the extent the district court had subject-matter jurisdiction, Hadley's claims cannot survive the *Heck* bar. Under *Heck* a plaintiff may not pursue a suit for damages under § 1983 that would undermine the validity of a conviction unless he demonstrates that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Although *Heck* does not bar a § 1983 suit when habeas-corpus relief was never available, *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006), we recently held that *Heck* applies where the plaintiff could have petitioned for a writ of habeas corpus but waited until he was no longer in custody to sue under § 1983. *See Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012). Relief under § 2254 was available to Hadley with respect to both his 1976 conviction and parole revocation, *see Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973); *Walker v. O'Brien*, 216 F.3d 626, 635 (7th Cir. 2000). (Indeed, Hadley filed multiple, unsuccessful § 2254 petitions during his 33-year incarceration. *See Hadley v. Holmes*, 341 F.3d 661 (7th Cir. 2003); *Hadley v. Haws*, No. 97 C 6636, 1998 WL 698939 (N.D. Ill. Oct. 5, 1998).) Thus, his claims for damages resulting from these events are barred, and we will not delve further into the merits.

We have reviewed Hadley's other arguments, and none has merit. In addition, we note that while incarcerated Hadley accumulated three "strikes" for pursuing groundless claims. The Supreme Court also has directed its clerk of court not to accept Hadley's filings in noncriminal matters without payment of the docketing fee. *See In re Hadley*, 550 U.S. 902

(2007). And we have already warned Hadley (who by 1995 was a "seasoned litigator") that we would not hesitate to impose sanctions to curb his abuses of the judicial process. *See Hadley v. Peters*, 1995 WL 675990, at *10 (7th Cir. 1995) (nonprecedential disposition). We caution him that further pursuit of frivolous claims will lead to sanctions without additional warnings.

AFFIRMED